UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER CHAMBERLIN,
    Petitioner,

v.                                                    CIVIL ACTION NO. 17-11544-PBS

SEAN MEDEIROS,
    Respondent.

REPORT AND RECOMMENDATION
ON HABEAS CORPUS PETITION (#1).

KELLEY, U.S.M.J.

## I. INTRODUCTION.

Peter Chamberlin, pro se, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (#1.) Respondent moved to dismiss on the grounds that the petition was time-barred under 28 U.S.C. § 2244(d)(1). (#10.) Petitioner filed a reply. (#14.) He argued that his filing of a motion to late-file an appeal of the denial of a motion to revise and revoke his sentence tolled the limitations period, and also that the equitable tolling doctrine applied. *Id*. at 4.

For the reasons set out below, this court recommends that the district court find that the petition is time-barred and that petitioner has not demonstrated "extraordinary circumstances" warranting application of the equitable tolling doctrine.

## II. PROCEDURAL BACKGROUND.

On August 1, 2011, petitioner was convicted after a jury trial in a Massachusetts Superior Court of armed robbery while masked, kidnapping for purposes of extortion, and armed assault with intent to murder. (#11-1 at 21.) He was sentenced to eighteen to twenty years for the armed

1

assault with intent to murder; six to eight years for the armed robbery, consecutive to the first sentence; and ten years to ten years and one day for the kidnapping, consecutive to the second sentence. *Id.* at 21-22. The Massachusetts Appeals Court affirmed his convictions on December 5, 2014. *See Commonwealth v. Chamberlin*, 86 Mass. App. Ct. 705, 20 N.E.3d 954 (2014). The Supreme Judicial Court affirmed the convictions on February 19, 2016. *See Commonwealth v. Chamberlin*, 473 Mass. 653, 45 N.E.3d 900 (2016).

Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court and so direct review concluded on May 19, 2016, ninety days from the date of the Supreme Judicial Court's opinion. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012).

Petitioner then tolled the limitations period for filing a habeas petition by filing a post-conviction motion in the state trial court to revise and revoke his sentence under Massachusetts Rule of Criminal Procedure 29. (#11-1 at 24.) *See Holmes v. Spencer*, 685 F.3d 51, 60 (1st Cir. 2012) (holding that filing of state post-conviction motion to reduce imposed sentence tolls habeas petition's limitations period). As respondent concedes, by filing the motion to revise and revoke on May 19, 2016, petitioner thus tolled the limitations period before it even began to run. (#11 at 3; #11-1 at 24.) The trial court denied the motion two months later, on July 17, 2016. (11-1 at 24.) Petitioner did not file a timely notice of appeal.[1]

On March 13, 2017, petitioner filed a motion to late-file a notice of appeal from the denial of his motion to revise and revoke. (#11-1 at 1.) The Appeals Court denied the motion on March 16, 2017, but gave petitioner two weeks to renew the motion "demonstrating [a] meritorious appellate issue." *Id*. Petitioner did not renew the motion and in fact withdrew it on May 17, 2017. *Id.*

---

[1]Petitioner had thirty days to appeal from the denial of the motion to revise and revoke. *See* Mass. R. App. P. 3 and 4.

### III. TIMELINESS OF THE PETITION.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides for a one- year statute of limitations for filing a habeas petition, which runs from the day "the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled while a "properly filed application for state collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

As set out above, petitioner tolled the limitations period by filing the motion to revise and revoke his sentence on May 19, 2016. The one-year limitations period for his habeas petition thus began to run on July 17, 2016, when the motion was denied.

As petitioner did not file his habeas petition until August 28, 2017, his petition is out of time.

### IV. THERE IS NO BASIS TO TOLL THE STATUTE OF LIMITATIONS.

Petitioner first argues that his filing of the motion to late-file a notice of appeal from the denial of the motion to revise and revoke tolled the limitations period. (#14 at 4.) This argument fails. Petitioner's untimely motion did not comport with § 2244(d)'s requirement that that in order to qualify as a tolling motion, the motion must be "properly filed" and must also be an "application for State post-conviction or other collateral review." *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that untimely state post-conviction motion under state law does not toll limitations period); *Riva v. Ficco*, 615 F.3d 35, 41 (1st Cir. 2010) ("[A]n untimely state post-conviction motion is not properly filed."); *Bethea v. Girdich*, 293 F.3d 577, 579 (2nd Cir.

2002) (expressing doubt that motions to extend time to appeal and for re-argument were properly filed applications for state post-conviction or other collateral review).

Petitioner also argues that equitable tolling should apply. (#14 at 4-5.) A petitioner seeking equitable tolling must show that some "extraordinary circumstance" prevented him from filing on time and that he has pursued diligently his rights. *Lawrence*, 549 U.S. at 336. "Equitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001) (describing equitable tolling of § 2254 claims as a "narrow safety valve[]" reserved for "instances of clear injustice").

The one-year limitations period began when petitioner's motion to revise and revoke was denied in July 2016. Petitioner states in his pleading that, in August 2016, he began communicating with the Committee for Public Counsel Services about getting a court-appointed lawyer and learned in January 2017 that he would not be receiving one. (#14 at 2-3.) He states that various attorneys then gave him advice about filing the motion to late-file the appeal from the denial of the motion to revise and revoke, and also to withdraw the motion to late-file. *Id*. at 3. Around May 2017 petitioner "started writing to obtain private counsel" and then had issues getting his money released from his canteen to pay an attorney. *Id*. Various letters illustrating these difficulties are attached to his pleading. (#14-1.) Petitioner concludes: "The Court can see from the enclosed correspondences that I have been attempting to hire private counsel, and the institution that I am at is making it difficult to send my own money to retain counsel." (#14 at 5.)

Petitioner's problems with obtaining counsel do not constitute the extraordinary circumstances required for equitable tolling. He knew throughout the year that the clock was running that he was having difficulty obtaining an attorney. At any time he could have filed his

petition pro se, as in fact he eventually did. Not having an attorney does not justify a failure to timely file a petition for habeas corpus. *See Neverson v. Farquharson*, 366 F.3d 32, 43 (1st Cir. 2004) (equitable tolling not appropriate where petitioner gave no reason why he could not have presented argument during one-year time period).

## V. CONCLUSION.

For the reasons stated above, I RECOMMEND that petitioner's habeas petition (#1) be DENIED and that the action be DISMISSED.

## VI. REVIEW BY DISTRICT JUDGE.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ M. Page Kelley
M. Page Kelley
June 21, 2018                                    United States Magistrate Judge